C. D. MAY, *Plaintiff in Error*, vs. S. WHITEHURST, *Defendant in Error*.
144 So. 326.
Division B.
Opinion filed November 3, 1932.

*F. Y. Smith* and *George W. Dayton*, for Plaintiff in Error;

*S. Whitehurst's Sons*, for Defendant in Error.

DAVIS, J.—An issue in a suit in ejectment was made up and submitted to a jury which returned a verdict for the plaintiff, Defendant has prosecuted this writ of error to the judgment entered against him on the verdict.

Plaintiff in ejectment relied upon a Master's deed obtained in foreclosure proceedings to prove his title as against defendant who was the mortgagor who had executed the foreclosed mortgage. Defendant claimed title and right to possession under a deed from the mortgagor made and recorded *after* the foreclosure suit was instituted and after the Master's deed was made and recorded, it appearing that complainant in foreclosure had made parties defendant to his foreclosure suit all parties who, on the date of

its institution, had any interest shown *of record* in the land being foreclosed against. Defendant's claim that he had been placed in possession of the lots in question under an unrecorded contract of sale given by the mortgagor *before* the mortgage was made and before the deed to him was executed by the mortgagor, was controverted by the plaintiff in ejectment, in whose favor the jury trying the case found that issue on conflicting evidence.

Where an issue in ejectment is made up and submitted to a jury for trial under appropriate instructions, and the jury returns a verdict in plaintiff's favor on conflicting evidence, in which may be found a substantial basis for a finding in plaintiff's favor on the facts, such verdict will not be disturbed by this Court on writ of error, when it has been approved by the trial Judge by his denial of defendant's motion for a new trial.

Where in an ejectment proceeding, written interrogatories to develop the nature of defendant's claim of title or right to possession, are filed by plaintiff under Section 4406 C. G. L., 2734 R. G. S., and upon the failure of defendant to fully and sufficiently answer such written interrogatories the defendant is examined *orally* as provided by Section 4407 C. G. L., 2735 R. G. S., before trial and under the immediate supervision of the Court, it is not error for the Court to refuse to allow an oral interrogation in the nature of a cross examination of the defendant by his own attorney after the completion of the oral examination of defendant by plaintiff in support of the attempted discovery.

The main purpose of the provisions of the foregoing Sections of the statute was to substitute in the place of the tedious, expensive and complex process of an equitable bill of discovery, an easy, simple and cheap method of interrogating at law an adverse party for purposes of discovery of essential matters of fact peculiarly within such adver-

sary's knowledge as an incident to the establishment of the interrogator's rights on the trial of the law action.

It was not intended that such processes should be employed by either party to make the opposite party a witness to testify respecting *the whole case,* which would necessarily imply the right of cross examination if such were the purpose to be subserved, which it is not. See Jacksonville T. & K. W. Ry. Co. vs. Peninsular Land T. & Mtg. Co., 27 Fla. 1, 9 Sou. Rep. 661, 17 L. R. A. 33.

We have considered all the propositions argued and find no error in the record, so the judgment must accordingly be affirmed.

Affirmed.

BUFORD, C.J. AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

ELLIS, J., not participating.